2   33
d128 168

WILLIAM JOHNSON, Respondent, *v.* JOSEPH CARRY, J. P. HALE and FRANKLIN ROFF, Appellants.

The liability of a garnishee dates from the service of the attachment and affidavit, and not from the notice to appear.

Under the statute a witness is not excluded on the ground of interest, unless he comes within one of its exceptions.

APPEAL from the District Court of the Eleventh Judicial District, for the County of El Dorado:

Johnson sued E. Champlain and H. Brooks, as makers of a promissory note for $350, dated February 4, 1851, payable ninety days after date to one Williams, or order; and by him indorsed to the plaintiff, and admitting a payment of $79. The plaintiff made affidavit that the makers of the note were indebted to him in the sum of $271, &c,; and that, as he believed, &c., they had fraudulently conveyed their property, with intent to defraud their creditors; and further, that Joseph Carry & Co., the appellants, were indebted to the defendants in a sum of money, as the plaintiff verily believed. A writ of attachment was thereupon issued; a copy of which, and of the affidavit, was served on the appellants April 12, 1851. On the 21st of June, 1851, the appellants were served with notice to appear in Court on the 23d of the same month, and answer interrogatories, as

3

garnishees in said cause. The garnishees accordingly appeared, and objected to answering as to any indebtedness prior to the 21st of June, when the notice to appear was served, but the objection was overruled. They then answered, denying any indebtedness to the defendants on the 12th of April, when the attachment was served. They admitted that on the 12th of March, 1851, they executed two notes, for $325 each, payable to the defendants or order, at ninety and one hundred and fifty days : but alleged that those notes had been transferred to S. S. Brooks before the service of the attachment, and that they had paid the notes to him since the attachment, deducting interest for the time they had to run. An issue of fact was then made on the answers of the garnishers, and tried by the Court without a jury. The plaintiff proved that in a conversation between him and Carry, the latter stated that the notes had been left with S. S. Brooks for collection, and that he (Carry), knew he was doing wrong in paying said Brooks after service of the attachment; and if Champlain and Brooks would not pay the plaintiff, Carry would pay him.

The garnishees then introduced S. S. Brooks, who was objected to for interest; but his testimony was taken and the objection reserved. He testified that the notes were assigned to him by Champlain and Brooks on the 21st of March, 1851, and were his property. After argument, the Court ruled out the testimony of S. S. Brooks, and rendered judgment against the garnishees for the amount claimed by the plaintiff and costs. The garnishees appealed, and a statement of facts was annexed to the record.

*E. L.* and *S. W. Saunders*, for the appellants, made the following points. 1st. The garnishees were not bound to answer as to any indebtedness prior to the service of notice to appear and answer. The process against a garnishee consists of three constituent parts;—the affidavit, the writ of attachment, and "a written notice that he appear in Court at the return of the writ;—" and they are inseparable, and each of them is essential to the validity of the process. The statute must be strictly construed. Stats. 1850, p. 415; Skinner *v.* Moore, 2 Dev. & Bat. 138. 2d. S. S. Brooks had no interest in the event of the suit. If the

appellants have paid him contrary to law, they cannot compel him to refund. 2d. But even if he were interested, by our statute, a witness is not excluded for interest, unless he be a party to the action, or a person for whose immediate benefit it is prosecuted or defended, or has assigned the thing in action for the purpose of becoming a witness. The "benefit" which excludes a witness under the statute, must be the immediate effect of the judgment, as where the suit is brought or defended by an executor or administrator, trustee, guardian, or person expressly authorized by law to sue or defend for another. The witness in this case was neither devisee, heir, *cestui que trust*, ward, nor other person incapable of suing and defending, except in the name of another: and by our statute, every action must be prosecuted in the name of the real party in interest, except as otherwise provided. Stats. 1850, p. 455, 428.

3d. The issue should have been found for the appellants. Their answers were uncontradicted, except by proof of a casual conversation which might have been easily understood.

*A. W. Sweet* for the respondent. 1st. The notice to appear is no part of the process. Service of the writ and affidavit fixes the garnishee. 2d. The assignment to S. S. Brooks only passed the evidence of indebtedness and not the debt; and until actual payment to the assignee, the appellants were indebted to the assignees and liable as garnishees.

Justice MURRAY delivered the opinion of the Court. This was an action brought by Johnson, the plaintiff, in the Court below, against E. Champlain and H. Brooks, upon a promissory note executed by them, made payable to one Williams, and by him assigned to the plaintiff. On the 12th of April, 1851, the plaintiff sued out an attachment against the defendant's property under the statute of California, then in force; and served a copy of the affidavit and writ of attachment upon the firm of Carry & Co., as garnishees and debtors of the defendants. On the 21st of June, 1851, the garnishees were served with notice to appear on the 23d of June, before the District Court, and answer interrogatories. On the final hearing of the case, a judgment was rendered in favour of the plaintiff against the garnishees for the sum of $276 88. From this judgment the garnishees appealed.

The first error assigned is, that that Court permitted testimony to be introduced of indebtedness from Carry & Co., to Champlain and Brook, on the 12th of April, 1851: and that no evidence of indebtedness prior to the 21st of June, (the date of the notice to appear and answer interrogatories,) was admissible. This objection is not well taken. The service of the affidavit and writ of attachment were sufficient to put the garnishees upon notice of the plaintiff's demand; and any payment by them after that time was a fraud upon his rights. The service of the attachment raised an obligation between the plaintiff and the garnishees. The notice to appear and answer is only intended to prevent a surprise upon the parties; and the want of it at the time of service of the attachment is not material.

The second point relied on by the appellants, is, that the Court, on the argument of the case, rejected the testimony of one S. S. Brooks, on the ground of his interest. Brooks testified that the notes of Carry & Co., payable to Champlain & Brooks, had been assigned to him prior to the 12th of April, 1851; and had been paid to him by Carry & Co. The witness was not sworn on his *voire dire;* the record does not show anything to prevent him from testifying; and his interest (if any), so far as is disclosed, is not sufficient under our statute to disqualify him. The appellants were entitled to the benefit of the testimony, however lightly the Court might have been disposed to consider it.

Judgment reversed; and new trial ordered.